**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CLYDE MAYES,** **PLAINTIFF**

**V.** **NO. 4:05CV115-P-B**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS &**
**OFFICER "UNKNOWN" TRIGGS,** **DEFENDANTS**

## REPORT AND RECOMMENDATION

On December 7, 2005, the *pro se* plaintiff, Clyde Mayes, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint alleges Officer Triggs confiscated plaintiff's gold watch and gold ring in November 2003. When plaintiff went to recover his property, Officer Triggs told him she did not know where it was. Plaintiff wants his property back or to be compensated for its value.

At the *Spears* hearing plaintiff testified he was issued a property receipt when the items were confiscated. However, he has since learned that the receipt contains a false signature.

Plaintiff's claim is not cognizable under § 1983. In *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Supreme Court held that the Due Process Clause is not implicated by a state official's negligent act which causes unintended loss of, or injury to, life, liberty or property. Furthermore, even the intentional deprivation of property does not violate

due process when there is an adequate state tort remedy available. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The State of Mississippi provides adequate post-deprivation remedies for both negligent and intentional conversions of property. Based on the foregoing, it is my recommendation that the Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 7th day of December, 2005.

**/s/ Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**